UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LEE SANTANA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

NORTH BEACH TAVERN LLC,
a Florida Limited Liability Company, and
LARA YAGIRO, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, LEE SANTANA (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, Defendants, NORTH BEACH TAVERN LLC, a Florida Limited Liability Company, and LARA YAGIRO, individually, owned and operated a bar-restaurant doing business as NORMAN'S AMERICAN BAR & GRILL located at 6770 Collins Avenue, Miami Beach, Florida 33141 in Miami-Dade County, within the jurisdiction of the Court.

3. Defendant, LARA YAGIRO, at all times material to this Complaint owned and managed NORTH BEACH TAVERN LLC and Defendant YAGIRO regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or

1

controlled the finances and day-to-day management operations of NORTH BEACH TAVERN LLC.  By virtue of such control and authority, Defendant YAGIRO is an employers of Plaintiff and the other employees of NORTH BEACH TAVERN LLC similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.      Plaintiff brings this action on behalf of himself and other current and former cooks and restaurant employees of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.      All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.      At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, NORTH BEACH TAVERN LLC had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, NORTH BEACH TAVERN LLC had employed two (2) or more employees who, *inter alia*, regularly: (a) handled, worked with, and sold foods and vegetables—including but not limited to, by way of example, cheese, sour cream, salsa, calamari, conch, shrimp, mussels, chicken, steak, pizza, onions, rice, salads, potatoes, and beans—which food products included items purchased from commercial vendors and have constituted goods and/or materials moved in or produced for commerce; (b) handled, worked with,

2

and sold beverages—including but not limited to sodas, beer and alcohol that included, by way of example, Amstel Light, Beck's, Blue Moon, Red Bull, Pepsi, wine, and other alcohol—all of which beverages have constituted goods and/or materials moved in or produced for commerce; (c) handled and worked on kitchen and commercial equipment—including but not limited to an ovens, grills, and refrigerators—that were goods and/or materials moved in or produced for commerce; and (d) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or merchant services companies including but not limited to VISA and Mastercard.

8. Based upon information and belief, the annual gross sales volume of NORTH BEACH TAVERN LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, NORTH BEACH TAVERN LLC has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately September 2016 and May 2019, Plaintiff performed non-exempt duties as a line cook for Defendants, with Plaintiff's primary job duties consisting of preparing and cooking food for Defendants' restaurant.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately September 2016 and May 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead

paying Plaintiff straight-time wages in cash for his overtime hours each week.

12. Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt cooks and restaurant employees, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between September 2016 and May 2019.

13. However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt cooks and restaurant employees, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between September 2016 and May 2019.

14. In approximately early-to-mid May 2019, when the management and/or ownership of NORMAN'S AMERICAN BAR & GRILL changed, NORTH BEACH TAVERN LLC began paying Plaintiff and other similarly situated employees time and one-half wages for hours worked in excess of Forty (40) hours per week.

15. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt cooks and restaurant employees, however variously titled, who worked for Defendants in one or more weeks between September 2016 and May 2019 without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

16. During the three (3) year statute of limitations period between approximately September 2016 and May 2019, Plaintiff regularly worked as a non-exempt cook for Defendants approximately five (5) days per week with start times of approximately 8:00 a.m. and stop times of approximately 5:00 p.m., regularly working an average of approximately Forty-Five (45) hours per week.

4

17. Subject to discovery, based upon Defendants paying Plaintiff at the regular rate of $13.00 per hour for all hours each week with straight-time wages in cash for his hours worked in excess of Forty (40) hours per week between September 2016 and early May 2019 and Plaintiff being owed an average of approximately of Five (5) overtime hours per week from Defendants during a total of approximately during a total of approximately One Hundred and Thirty-Two (132) work weeks at the half-time rate of $6.50 per hour [$13.00/2 = $6.50/hour], Plaintiff's unpaid overtime wages total approximately $4,290.00 [$6.50/hour x 5 Unpaid OT hours/week x 132 weeks = $4,290.00].

18. Based upon information and belief, records of start times, stop times, number of hours worked each day, and total hours worked each week between approximately September 2016 and May 2019 by Plaintiff and Defendants' other non-exempt cooks and restaurant employees, however variously, titled are in the possession, custody, and/or control of Defendants.

19. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated cooks and restaurant employees in excess of Forty (40) hours per week between approximately September 2016 and May 2019, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

20. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt cooks and restaurant employees, however variously titled, at any location between approximately September 2016 and May 2019 are in the possession,

custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21.   Plaintiff, LEE SANTANA, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

22.   Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt cook in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately September 2016 and May 2019.

23.   All similarly situated non-exempt cooks and restaurant employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately September 2016 and May 2019.

24.   Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt cooks and restaurant employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between approximately September 2016 and May 2019.

25.   At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt cooks and restaurant employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately September 2016 and May 2019 based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated

employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

26. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

27. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt cooks and restaurant employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

29. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LEE SANTANA and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, NORTH BEACH TAVERN LLC and LARA YAGIRO, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 5, 2019                    Respectfully submitted,

                                   By:     **KEITH M. STERN**
                                             Keith M. Stern, Esquire
                                             Florida Bar No. 321000
                                             E-mail:  employlaw@keithstern.com
                                             LAW OFFICE OF KEITH M. STERN, P.A.
                                             80 S.W. 8th Street, Suite 2000
                                             Miami, Florida 33130
                                             Telephone:  (305) 901-1379
                                             Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **North Beach Tavern LLC and Lara Yagiro**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Lee Santana*
Lee Santana